IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

MICHAEL CARMIE ANTONELLI                                    PETITIONER

v.                              NO. 2:06CV00052 SWW-JFF

LINDA SANDERS,
Warden, FCI Forrest City,
Arkansas                                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

      Clerk, United States District Court
      Eastern District of Arkansas
      600 West Capitol Avenue, Suite 402
      Little Rock, AR 72201-3325

## DISPOSITION

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] For the reasons that follow, the Magistrate Judge undersigned

---

[1] This petition is the seventh § 2241 petition filed by Petitioner in this Court in the last twelve months. Four of Petitioner's other six petitions have been dismissed. Antonelli v. Sanders, No. 2:05CV00044 SWW (E.D. Ark. Nov. 29, 2005) (dismissing petition challenging sentencing court's restitution order); Antonelli v. Sanders, No. 2:05CV00206 JFF (E.D. Ark. Nov. 7, 2005) (dismissing petition seeking job placement in UNICOR); Antonelli v. Gaines, No. 2:05CV00261 JFF (E.D. Ark. Dec. 7, 2005) (dismissing petition challenging United States Parole Commission's failure to execute a parole violator warrant lodged against Petitioner as a detainer); Antonelli v. Sanders, No. 2:05CV00224 JTR (E.D. Ark. December 30, 2005) (dismissing petition seeking to have the BOP recalculate his good-time credits consistent with 18 U.S.C. § 3624(b)). United States Magistrate Judge Henry L. Jones has recommended that the fifth petition, in which Petitioner alleges he participated in a drug rehabilitation program (RDAP) under which a prisoner may obtain up to a one-year reduction in his sentence, but the BOP determined that he was ineligible for sentence reduction, be dismissed without

recommends that the petition be dismissed summarily.

Petitioner is incarcerated at the Federal Correctional Complex in Forrest City, Arkansas ("FCC"). He is serving a seventy-two (72) month sentence for bank robbery. In his § 2241 petition, Petitioner alleges that Respondent Linda Sanders, the Warden at the FCC, has violated Federal Bureau of Prisons ("BOP") Program Statement 5100 by not transferring him to a facility within a 500 mile radius of his home in Lemont, Illinois. He further alleges that by keeping him 559 miles away from his home, the Attorney General is improperly executing his sentence "in violation of BOP rules, regulations, policy and Program Statement 5100." Finally, Petitioner alleges that because he is confined in an institution 559 miles from his home, his conditions of confinement are in violation of BOP policy and are therefore unconstitutional. He requests that the Court order Respondent Sanders to transfer him to a facility within a 500 mile radius of Lemont, Illinois.

A federal habeas corpus petition is required to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts; Mayle v. Felix, 125 S. Ct. 2562, 2570 (2005). "'If it plainly appears from the petition [and any attached exhibits] that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading." Mayle v.

---

prejudice. Antonelli v. Sanders, No. 2:05CV00207 WRW-HLJ (E.D. Ark. Feb. 22, 2006). The Magistrate Judge undersigned has recommended that the sixth petition, in which Petitioner alleges that, *inter alia*, that Warden Sanders is infringing upon "his constitutional rights to petition for redress," be summarily dismissed. Antonelli v. Sanders, 2:05CV00314 WRW-JFF (E.D. Ark. Dec. 12, 2005).

Felix, 125 S. Ct. at 2570 (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts).  Habeas Rules 2 and 4 are applicable to § 2241 petitions through Rule 1(b). Christian v. Holt, 2005 U.S. Dist. LEXIS 31054 at 2 (M.D. Pa. Nov. 8, 2005);  Hairston v. Nash, 2005 U.S. Dist. LEXIS 24172 at 3-4 (D.N.J. Oct. 14, 2005).  To avoid summary dismissal, a petitioner must "'state facts that point to a real possibility of constitutional error.'" See Mayle v. Felix, 125 S. Ct. at 2570 (quoting Advisory Committee's Note on Habeas Corpus Rule 4); Franklin v. Rose, 765 F.2d 82, 85 (6th Cir. 1985); O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990), cert. denied, 498 U.S. 1096 (1991).

Petitioner is challenging a condition of his confinement, the location of his custody, not the fact or duration of his custody.  While the function of habeas relief typically "is to obtain release from the duration or fact of present custody," Wajda v. United States of America, 64 F.3d 385, 389 (8th Cir. 1995), the Eighth Circuit has held that a federal prisoner may seek habeas relief to challenge conditions of his confinement, provided that he alleges "'substantial infringement of a constitutional right.'"  Albers v. Ralston, 665 F.2d 812, 815 (8th Cir. 1981) (quoting Willis v. Ciccone, 506 F.2d 1011, 1019 (8th Cir. 1974)).

A prisoner has no constitutional right to placement in a particular penal institution. Olim v. Wakinekona, 461 U.S. 238, 245-48 (1983); Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 n. 3 (10th Cir. 1992), cert. denied, 510 U.S. 830 (1993). The BOP "has the discretion to transfer federal prisoners from one place of confinement to another at any time for any reason whatsoever or for no reason at all." Brown-Bey v. United States, 720 F.2d 467, 470 (1983); Posey v. Dewalt, 86 F. Supp.

2d 565, 571 (E.D. Va. 1999). The BOP Program Statement governing transfers of inmates, Program Statement 5100.07, gives the BOP discretion whether to transfer an inmate nearer his release residence.[2] Because a federal prisoner has no liberty or other constitutionally protected interest in obtaining a transfer to a particular facility, he does not state a claim for habeas relief where he alleges that prison officials, contrary to Program Statement 5100.07, denied him a transfer to a federal prison closer to his home. Cruz v. Barada, 2006 U.S. Dist. LEXIS 4362 at 3-4 (E.D. Ky. Feb. 3, 2006). See also Gillan v. Edwards, 1984 U.S. App. LEXIS 13759 at 1-2 (6th Cir. Oct. 15, 1984) (affirming summary dismissal of § 2241 petition where federal prisoner alleged that

---

[2] Program Statement 5100.07 provides in pertinent part:

d. **Routine Transfers.** Routine transfers are submitted to the Regional Designator via Request for Transfer/Application of Management Variable (EMS 409). Redesignation of an inmate should generally result in a move closer to an inmate's release destination, consistent with the inmate's security level. **In order to attempt to place an inmate near his or her release residence, redesignations should be made without regard to regional boundaries. ORDINARILY, THE INMATE MAY BE CONSIDERED FOR A NEARER RELEASE TRANSFER AFTER SERVING 18 MONTHS WITHIN THE FACILITY WITH CLEAR CONDUCT.** Redesignations between the same security level institutions are discouraged, except for CIM purposes, closer to home purposes, or other unusual circumstances. A "nearer to release" transfer should be incorporated with "lesser security" transfers whenever possible. Once the inmate has been transferred within 500 miles of his or her release residence, no further referrals should be made as a "nearer to release" transfer consideration. . . . When considering an inmate for a near to release transfer, the inmate should not currently be housed within a 500-mile radius of his legal residence, and the requested transfer should place th inmate within the 500-mile radius. If the transfer is denied, no additional request for redesignation may be submitted until one year has elapsed since the date of the denial. Lastly, inmates will be considered for a nearer to release transfer after serving 18 months of clear conduct.

BOP Program Statement, 5100.07, Chapter 10, pp. 4-7.

prison officials violated BOP Program Statement 5100 and the United States Constitution by failing to follow the recommendations of the sentencing judge, who suggested that he be placed at a prison closer to his friends and family); Brown-Bey, 720 F.2d at 470 (if petitioner "wants to be transferred closer to his family and friends, he fails to state a cognizable federal claim"); Rudd v. Boram, 2000 U.S. Dist. LEXIS 9238 at 2 (E.D.N.C. Jan. 28, 2000) (dismissing as frivolous § 2241 petitioner's claim that he was twice denied transfer to a facility closer to his home, finding that the petitioner had "no constitutional right to be placed where he chooses").

The Magistrate Judge finds that Petitioner's allegation that prison officials have failed to transfer him to a facility within a 500 miles radius of his home in violation of BOP Program Statement 5100 and "BOP rules, regulations, and policy" does not implicate the Constitution. Because Petitioner has failed to state facts pointing to a real possibility of constitutional error or indicating a substantial infringement of his constitutional rights, the Magistrate Judge recommends that his § 2241 petition be dismissed summarily with prejudice.

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed summarily with prejudice.

Dated this 24th day of February, 2006.

_____
UNITED STATES MAGISTRATE JUDGE